UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANYA MARIA COATES,

    Plaintiff,                                      Case No. 12-cv-13900
                                                        HON. GERSHWIN A. DRAIN

v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL
SECURITY[1],

    Defendant.
_____/

**ORDER REJECTING REPORT AND RECOMMENDATION [# 29],
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [# 26],
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [# 23] AND
REMANDING CASE TO ADMINISTRATIVE LAW JUDGE**

**I.    INTRODUCTION**

Presently before the Court is a Report and Recommendation by Magistrate Judge R. Steven Whalen, dated September 27, 2013. *See* Dkt. No. 29. Magistrate Judge Whalen recommends granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment. On October 9, 2013, Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation. *See* Dkt. No. 31. Defendant failed to file a response to Plaintiff's objection and the time for filing a response has expired. *See* Fed. R. Civ. P. 72(b)(2) ("A party may respond to another party's objections within 14 days after being served with a copy."). For the reasons set forth below, the Court rejects Magistrate Judge

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted as the Defendant in this suit. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Whalen's Report and Recommendation, denies Defendant's Motion, and grants Plaintiff's Motion and REMANDS this matter to the Administrative Law Judge ("ALJ") for further proceedings consistent with this Order.

## II. PROCEDURAL AND FACTUAL HISTORY

Plaintiff was originally found disabled on a previous application with an onset date of March 1, 1996. Upon review in May of 2002, her disability was found to continue and continuing benefits were approved. However, in a subsequent follow-up review, it was determined that her disability ceased as of August 1, 2007, and the cessation of disability was upheld in a hearing-level decision rendered by ALJ Lubomyr M. Jachnycky on May 26, 2009.

Plaintiff then filed a new application for Social Security Supplemental Security Income ("SSI") on June 11, 2009, alleging a disability onset date of May 22, 2009. The application was denied initially on November 6, 2009. On November 12, 2009, Plaintiff timely filed a Request for Hearing and, on December 2, 2010, she appeared and testified at an administrative hearing held in Oak Park, Michigan, before ALJ Michael F. Wilenkin. By notice dated January 18, 2011, Plaintiff's claim for disability benefits was denied by ALJ Wilenkin.

Plaintiff filed a timely Request for Review of the hearing decision with the Social Security Administration's Appeals Council. On June 8, 2012, the Appeals Council denied review, thus rendering a final administrative decision by the Commissioner. 20 C.F.R. § 416.1481.

On September 4, 2012, Plaintiff commenced this action under 42 U.S.C § 405(g), challenging Defendant's final decision denying her application for Social Security Income under Title XVI of the Social Security Act.

**III.     ANALYSIS**

**A. Standard of Review**

The district court reviews the final decision of the Commissioner to determine whether it is supported by substantial evidence. 42 U.S.C. §405(g); *Sherrill v. Secretary of Health and Human Services,* 757 F.2d 803, 804 (6th Cir. 1985). Substantial evidence is more than a scintilla but less than a preponderance. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, S. Ct. 206, 83 L.Ed.126 (1938)). The standard of review is deferential and "presupposes that there is a 'zone of choice' within which decision makers can go either way, without interference from the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986) (en banc). In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." *Wages v. Secretary of Health & Human Services*, 755 F.2d 495, 497 (6th Cir. 1985). The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ. *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 535 (6th Cir. 2001).

**B. Report and Recommendation [# 29]**

The standard of review to be employed by the Court when examining a report and recommendation is established in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Upon review of the administrative record, the parties' briefing and the Report and Recommendation, the Court rejects the Magistrate Judge's findings.

> i. **The ALJ erred at Step Three by failing to evaluate or even mention Listing 12.05C(Intellectual Disability) when determining whether Plaintiff has an impairment that meets or medically equals an impairment found in the Listing of Impairments**

Plaintiff argues that the ALJ was required to provide an analysis or determination for Listing 12.05C and committed error by failing to do so. Plaintiff objects to the Magistrate Judge's conclusion that the ALJ was not required to evaluate Listing 12.05C, and even if such a requirement existed, the omission was harmless error because Plaintiff could not meet or equal the listing. This Court agrees with Plaintiff and rejects the Magistrate Judge's findings with respect to the discussion of Listing 12.05C.

An ALJ must include a discussion of "findings and conclusions, and the reasons or basis therefore, on all the material issues of fact, law, or discretion presented on the record; and [] the appropriate rule, order, sanction, relief, or denial thereof." 5 U.S.C. § 557(c)(3). When considering presumptive disability at Step Three, an ALJ must analyze the claimant's impairments in relation to the Listed Impairments and must give a reasoned explanation of his findings and conclusions in order to facilitate meaningful review. *Christephore v. Comm'r of Soc. Sec.*, No. 11-13547, 2012 WL 2274328, *6 (E.D. Mich. June 18, 2012) (quoting *Reynolds v. Comm'r,* No. 09-2060, 424 F. App'x 411, 416 (6th Cir. April 1, 2011)). In light of this standard, it is clear that the ALJ did not apply the correct legal standard when he failed to consider the application of Listing 12.05C to Plaintiff's application for Social Security benefits.

Plaintiff properly raised the issue of whether Listing 12.05C was met to the ALJ in her Representative Brief (Ex. No. B8E). However, the ALJ failed to discuss Listing 12.05C in his decision (ID 75-77). In Step Three of his decision, ALJ Wilenkin provided a thorough analysis

of the reasons why Plaintiff did not meet or equal Listing 12.05C. After concluding that Plaintiff did not meet Listing 12.05C the ALJ proceeded to Step Four of the evaluation. Had the ALJ properly analyzed Step Three, Plaintiff may have been found to meet the listing and the ALJ's analysis at Step Four and Five would have been moot.

"[T]he ALJ needed to actually evaluate the evidence, compare it to… the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review. Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *Reynolds*, 424 F. App'x at *416. In *Reynolds,* a disability claimant appealed from the denial of her application for SSI benefits, arguing that her musculoskeletal problems, emotional impairments, and obesity equaled a Listed Impairment. The Sixth Circuit held that the ALJ erred at Step Three by failing to analyze the claimant's physical condition in relation to the Listed Impairments. The ALJ provided a detailed analysis of Listing 12.00, but failed to explain why the claimant failed to meet or equal Listing 12.00. The Sixth Circuit noted that, while the ALJ initially concluded that the claimant did not meet or equal the listing, by failing to apply the requirements of the particular listing to the claimant's condition the ALJ had "skipped an entire step of the necessary analysis." *Id*.

Similar to *Reynolds*, here the ALJ has only provided an analysis for one of the two disputed listings. The *Reynolds* court found that the ALJ's mental impairment analysis met the substantial evidence standard of review; however the mere perfunctory conclusion attributed to the claimant's physical impairment required remand. *Id* at *416-17. Importantly, here, the ALJ failed to even announce his conclusion as to Listing 12.05C, which alone would still not meet the articulation requirement. This Court cannot facilitate a review, much less a meaningful review, in light of this glaring omission and must remand for a conclusion and analysis.

Defendant makes two separate arguments; both of which are rejected. Defendant first argues that the ALJ was only required to conduct a "minimal articulation" of a Step 3 analysis. (Def. Br. 11). This argument is meritless because the ALJ failed to make any articulation of his analysis of Listing 12.05C.

Defendant next argues that the evidence clearly shows that Plaintiff could not possibly meet or equal Listing 12.05C and any omission was harmless. (Def. Br. 12). Defendant dedicated several pages of her brief to applying the requirements of Listing 12.05C to Plaintiff's application. However, this attempt to offer a post hoc rationale for a decision that was not even made cannot be considered. "It is not for the Magistrate Judge to step into the shoes of the ALJ and complete his job for him. The ALJ should, in the first analysis, assess whether the evidence put forth shows that Plaintiff meets or equals a Listing." *Risner v. Comm'r of Soc. Sec.*, No. 1:11–cv–036, 2012 WL 893882, at *5 (S.D.Ohio Mar.15, 2012). In addressing the latter half of this argument, the *Reynolds* court stated:

> The ALJ's error was not harmless, for the regulations indicate that if a person is found to meet a Listed Impairment, they are disabled within the meaning of the regulations and are entitled to benefits; no more analysis is required. 20 C.F.R. § 404.1520(a)(4) (iii).… Additionally, in this case, correction of such error is not merely a formalistic matter of procedure, for it is possible that the evidence Reynolds put forth could meet the listing.… Without [analysis], it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence.

*Reynolds,* 424 F. App'x at *416. Because the ALJ not only failed to provide an analysis for Listing 12.05C, but also failed to even indicate a decision as to whether the listing was met requires this Court to reject the findings of the Magistrate Judge and remand this matter to the ALJ for a proper Step Three analysis.

## IV. CONCLUSION

Accordingly, the Court hereby REJECTS Magistrate Judge R. Steven Whalen's September 27, 2013 Report and Recommendation [#29], GRANTS Plaintiff's Motion for Summary Judgment [#23], and DENIES Defendant's Motion for Summary Judgment [#26].

This matter is remanded for further administrative proceedings consistent with this opinion pursuant to the fourth sentence of 42 U.S.C. § 405(g).

SO ORDERED.


Dated:  November 27, 2013

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE