UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANYA COATES,

       Plaintiff,

                                        Case No. 12-cv-13900
                                        Honorable Gershwin A. Drain

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

       Defendant.
_____/

## **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES IN PART [#34]**

## **I. INTRODUCTION**

Plaintiff filed the instant action seeking judicial review of Defendant's denial of her claim for supplemental security income benefits. On November 27, 2013, this Court rejected the Magistrate Judge's recommendation to affirm the decision of the Commissioner. *See* Dkt. No. 32. This Court concluded that the Administrative Law Judge ("ALJ") erred by failing to evaluate or even address Listing 12.05C when determining whether Plaintiff has an impairment that meets or equals the requirements of an impairment listed in the regulations. *Id*. The Court remanded this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff requests attorney fees in the amount of $9,831.60, representing 54.62 hours of attorney work multiplied by an hourly rate of $180.00. Defendant filed a Response in Opposition on March 11, 2014, arguing that the Court should deny Plaintiff's request for attorney fees because its position was substantially justified. Alternatively,

Defendant maintains that if this Court concludes its position was not substantially justified, the total fees requested should be reduced because they are excessive and unreasonable. Plaintiff filed a Reply brief in support of her request for attorney fees on March 21, 2014. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the resolution of this matter. As such, the Court will determine the present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will award Plaintiff her attorney fees, but in a lesser amount than she requests.

## II. LAW & ANALYSIS

To be entitled to attorney's fees under the EAJA, a court must find that (1) the party seeking fees was a prevailing party in a civil action; (2) the party timely filed an application for fees; (3) the position of the agency was not substantially justified; and (4) the fees requested are reasonable. *See* 28 U.S.C. § 2412 (d)(1)(A); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A district court has broad discretion when determining whether fees should be awarded under the EAJA and its decision will only be overturned if it abuses its discretion. *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). However, the Sixth Circuit Court of Appeals has cautioned the district courts against "rubber stamp[ing]" EAJA attorney fees applications. *Begley v. Sec. Health & Human Serv.*, 966 F.2d 196, 199-00 (6th Cir. 1992).

Under *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993), Plaintiff is a prevailing party by virtue of the sentence four remand pursuant to 42 U.S.C. § 405(g). Moreover, Plaintiff's request for fees is timely. *See Najor v. Sec'y of Health & Human Servs.*, 675 F. Supp. 379, 380-81 (E.D. Mich. 1987) (citing *Gidcumb v. Sec'y of Health & Human Servs.*, 650 F. Supp. 96, 100 (W.D. Ky. 1986)); *Rios v. Comm'r of Soc. Sec.*, No. 10-cv-14443, 2011 U.S. Dist. LEXIS 124857, *2-3 (E.D. Mich. Oct. 5, 2011) (noting that in the Sixth Circuit, "the time for filing begins to run only when the

underlying judgment has become final; i.e., 60 days after judgment is entered, providing that no notice of appeal or other motion under Rules 59 or 60 of the Federal Rules of Civil Procedure has been filed in the meantime."). Therefore, the only issues before the Court are whether Defendant's position was substantially justified and whether Plaintiff's fees request is reasonable.

### A. Substantial Justification

The government bears the burden of demonstrating substantial justification. *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999); *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001). The government's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (6th Cir. 1987). The government's position comprehends both its underlying actions during the administrative proceedings and its litigation position in federal court. *See* 28 U.S.C. § 2412(d)(1)(A), (d)(2)(D).

A finding by the district court that the decision of the Commissioner is "not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified." *Couch v. Sec'y of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984); *see also Anderson v. Comm'r of Soc. Sec.*, No. 98-6284, 1999 U.S. App. LEXIS 29996, *16 (6th Cir. Nov. 12, 1999) ("[A]lthough there may be flaws in an ALJ's decision, which require a reversal of the denial of benefits and a remand for further consideration, this does not automatically mean that the Commissioner's decision to defend the ALJ's decision to deny benefits was not 'substantially justified.'"). Where remand occurs due to the failure of the ALJ to articulate his or her reasoning, this "does not, in and of itself, establish that there was not reasonable basis for the ALJ's decision to deny benefits." *Saal v. Comm'r of Soc. Sec.*, No. 1:08-cv-347, 2010 U.S. Dist. LEXIS 69845, *3 (W.D. Mich. June 24, 2010); *see also Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992)

("That the ALJ failed to meet this articulation requirement in no way necessitates a finding [that] the Secretary's position was not substantially justified.")

Defendant argues that the only error committed by the ALJ was an articulation error, therefore its position was reasonable both in law and fact. However, contrary to Defendant's argument, the error here was more than lack of articulation. The ALJ did not merely fail to conduct minimal articulation as Defendant argues. He provided absolutely no listing 12.05C analysis at Step III. As such, in reversing and remanding the instant action this Court concluded that:

> [H]ere, the ALJ failed to even announce his conclusion as to Listing 12.05C, which alone would still not meet the articulation requirement. This Court cannot facilitate a review, much less a meaningful review, in light of this glaring omission and must remand for a conclusion and analysis.

Dkt. No. 32 at 5. Defendant cannot show substantial justification where it offered post-hoc factual and legal arguments that Plaintiff could not meet Listing 12.05C when the ALJ never concluded that Plaintiff failed to meet Listing 12.05C. Rather, the ALJ failed to make any findings as to whether Listing 12.05C was met or equaled, despite the record evidence suggesting this listing was met and the fact that Plaintiff's counsel raised this listing in a pre-hearing brief.

It is well settled that an ALJ must provide specific analysis as to why a claimant does or does not meet or equal a listing at step three. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000) (holding that an ALJ must provide explicit analysis as to what listings were considered and why they were not satisfied in order to permit "meaningful judicial review."). "[W]hen an ALJ fails to follow established law and 'clear congressional guidance,' the defendant's position cannot be substantially justified." *Ralston v. Astrue*, No. 09-cv-14790, 2011 U.S. Dist. LEXIS 153167, *11 (E.D. Mich. Aug. 30, 2011) (citing *Reese v. Sullivan*, 925 F.2d 1395, 1397 (11th Cir. 1997) & *Washington v. Heckler*, 756 F.2d 959, 962 (3d Cir. 1985)). Based on the foregoing considerations,

Plaintiff is entitled to attorney fees under the EAJA.

### B. Hourly Rate

With respect to the hourly rate awarded to attorneys representing prevailing parties, the EAJA states in relevant part:

> The amount of fees awarded under this subsection shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). Plaintiff maintains that she is entitled to an hourly rate of $180.00 based on "inflation and the limited availability of qualified attorneys to litigate Social Security disability cases" and counsel's "unique qualifications." Plaintiff relies on the Bureau of Labor Statistics's Consumer Price Index ("CPI") inflation calculator to argue that the $125.00 figure is equivalent to $186.36 in today's dollars. The Government does not respond to Plaintiff's argument that the hourly rate should be adjusted above the statutory maximum of $125.00 to include cost of living adjustments.

Whether an award above the statutory maximum is appropriate is left to the "sound discretion of the district court." *Begley*, 966 F.2d at 199. Plaintiff bears the burden to produce "satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

As an initial matter, it is well settled that relying on the CPI to support a higher hourly fee amount is insufficient evidence to support an award above the statutory maximum. *See Sleight v. Comm'r of Soc. Sec.*, No. 11-13109, 2012 U.S. Dist. LEXIS 129900, *2 (E.D. Mich. Sept. 12,

2012) (declining to award fees in excess of the $125.00 hourly rate because the plaintiff based "her request for an increased attorney fee solely on the CPI, and . . . such reliance [is] insufficient to satisfy the burden of proof."); *Page v. Astrue*, 921 F. Supp. 2d 746, 748 (E.D. Mich. 2013) (same); *Tyler v. Comm'r of Soc. Sec.*, No. 12-14527, 2014 U.S. Dist. LEXIS 42038, *4-6 (E.D. Mich. Feb. 27, 2014) (same).

The remaining evidence that Plaintiff points to in support of her request does not show that she has met her burden. In addition to counsel's affidavit, Plaintiff includes the affidavits from two out-of-state attorneys, which do not contain sufficient evidence to show that the requested hourly rate of $180.00 is "in line with those prevailing in the [Eastern District of Michigan] for similar services by lawyers of reasonably comparable skill, experience, and reputation." In fact, one of the affidavits was prepared by an attorney who does not appear to be admitted to practice in this district and mainly represents disability claimants in the Seventh Circuit. Similar to the facts in *Gay v. Comm'r of Soc. Sec.*, No. 11-cv-10771, 2013 U.S. Dist. LEXIS 123106 (E.D. Mich. Aug. 29, 2013), where the plaintiff proffered evidence concerning attorney rates in other districts, Plaintiff has failed to demonstrate entitlement to an hourly rate above the statutory maximum in the relevant community. 2013 U.S. Dist. LEXIS 123106, *10-11. Additionally, Plaintiff's assertion that there is a limited number of qualified attorneys to litigate Social Security disability cases in this district is not supported by any evidence.

Accordingly, the Court concludes that Plaintiff has failed in her burden demonstrating that an hourly rate above the statutory maximum is warranted. *See Sleight*, 2012 U.S. Dist. LEXIS 129900, at * 2; *Page*, 921 F. Supp. 2d at 748; *Tyler*, 2014 U.S. Dist. LEXIS 42038, at *4-6; *Gay*, 2013 U.S. Dist. LEXIS 123106, at *10-11; *McNelis v. Comm'r of Soc. Sec.*, No. 08-12529, 2011 U.S. Dist. LEXIS 17436, *3-7 (E.D. Mich. Feb. 23, 2011); *Kim v. Comm'r of Soc. Sec.*, No. 12-11694, 2013

U.S. Dist. LEXIS 173759, *1-2 (E.D. Mich. Dec. 12, 2013); *Grooms v. Comm'r of Soc. Sec.*, No.2:08-cv-14189, 2011 U.S. Dist. LEXIS 112228, *9-11 (E.D. Mich. Sept. 30, 2011).

### C. Number of Hours

Here, Plaintiff seeks compensation for 54.62 hours of work, consisting of 49.0 hours performed by David Chermol and 5.62 hours performed by Frederick J. Daley, Jr.'s firm. Defendant argues that Plaintiff's fees are excessive because this was a routine disability case that raised no novel issues. Moreover, the administrative record included only 174 total pages of medical records. Defendant maintains that an inordinate amount of time was spent researching and briefing the issues raised herein considering his Motion for Summary Judgment was only 8 pages and the Reply brief was a mere 7 pages in length. As such, Defendant argues that Chermol's total number of hours should be reduced by at least 20 percent. Defendant also argues that only 0.64 hours relate to tasks actually performed by Daley. The remaining 4.98 hours were spent on clerical tasks performed by non-attorney staff employed with Daley's firm. Therefore, Defendant maintains that only 0.64 of Daley's work is compensable under the EAJA.

In this circuit, the number of hours generally expended in pursuit of social security appeals falls within the range of "twenty to thirty hours" with forty hours representing the "outer limits" of a reasonable amount of time to spend in a case of this type. *See Crim v. Comm'r of Soc. Sec.*, No. 1:11-cv-137, 2013 U.S. Dist. LEXIS 35373, *11 (S.D. Ohio Mar. 14, 2013) (citing *Glass v. Sec'y of Health & Human Serv.*, 822 F.2d 19, 20 (6th Cir. 1987) & *Hayes v. Sec'y of Health & Human Serv.*, 923 F.2d 418, 420 (6th Cir. 1990)). In *Crim*, the district court reasoned that twenty to forty hours is generally a reasonable amount of time to adequately prosecute social security appeals because:

> Unlike other types of civil cases in which the amount of discovery alone often creates

> wide variability in litigation hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule, often (as in this case) with just a single substantive brief submitted by each party.

2013 U.S. Dist. LEXIS 35373, at *12.

Based on a review of Chermol's records, the Court cannot conclude that the 49.0 hours spent on the instant case is excessive or unreasonable. While Defendant quibbles that Plaintiff's briefs were not lengthy enough to justify the hours expended, the length of a brief is not an accurate marker for determining whether the hours worked were reasonable under the circumstances herein. The Court finds that 49 hours is not unreasonable. *See Grooms*, 2011 U.S. Dist. LEXIS 112228, at *7 (finding that the 62 hours expended by counsel was reasonable, and noting that "the mere fact it takes an attorney more than 40 hours to complete work on a Social Security case does not mean that it is per se unreasonable and warrants a reduction.").

As to the 5.62 hours of work expended by Daley's firm, Plaintiff fails to respond to Defendant's contention that the majority of this work consisted of clerical tasks not compensable under the EAJA. The Court notes that it visited the firm website and Defendant is correct that most of the work was done by non-attorneys. Plaintiff failed to include any information concerning the positions, qualifications or experience levels of the staff members who performed the tasks upon which Daley bases his bill. "Paralegal or legal assistant fees have generally been considered recoverable 'to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client.'" *Jarvis v. Comm'r of Soc. Sec.*, No. 1:07-cv-450, 2008 U.S. Dist. LEXIS 113567, *6 (W.D. Mich. Jan.8, 2008) (citing *Hyatt v. Barnhart,* 315 F.3d 239, 255 (4th Cir. 2002)). While some of the tasks performed by Daley's firm may be compensable because they are tasks traditionally performed by attorneys, Plaintiff's failure to respond to this

argument, and the lack of sufficient information concerning these bills makes it difficult to determine whether Plaintiff's request for fees with respect to the 4.98 hours is reasonable.

As such, the Court will add the 0.64 hours expended by Daley in the prosecution of this matter to the 49.0 hours expended by Chermol for a total award of $6, 205.00 in attorneys' fees, representing 49.64 hours at the rate of $125 per hour. *Ralston*, 2011 U.S. Dist. LEXIS 153167, at \*17-18 (subtracting hours expended on clerical tasks when Plaintiff failed to address the Commissioner's argument concerning these fees); *see also Vanner v. Comm'r of Soc. Sec.*, No. 09-cv-12082, 2011 U.S. Dist. LEXIS 72302, \*8 (E.D. Mich. July 6, 2011) (same).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney Fees [#34] is GRANTED IN PART. Defendant shall pay Plaintiff a total of $6,205.00 in attorney fees.

SO ORDERED.


Dated: April 9, 2014                     /s/Gershwin A Drain
                                     GERSHWIN A. DRAIN
                                     UNITED STATES DISTRICT JUDGE